UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Elaine Pagnani,**

                          **Plaintiff,**

                **-v-**                                **1:12-CV-1287 (NAM/VEB)**

**Commissioner of Social Security,**

                          **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Office of Peter M. Margolius
Peter M. Margolius, Esq., of counsel
7 Howard Street
Catskill, New York 12414
Attorney for Plaintiff

Hon. Richard S. Hartunian, United States Attorney
Sergei Aden, Esq., Special Assistant United States Attorney
Social Security Administration
Office of Regional General Counsel, Region II
26 Federal Plaza - Room 3904
New York, New York 10278

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff's initial application for Supplemental Security Income ("SSI") benefits and disability insurance benefits under the Social Security Act was denied. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff testified, the ALJ issued a decision denying plaintiff's applications. The Appeals Council denied plaintiff's request for review. Thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff brought this action for judicial review of the Commissioner's decision. *See* 42 U.S.C. §§ 405(g); 1383(c)(3).

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Victor E. Bianchini issued a Report and Recommendation (Dkt. No. 13) recommending that plaintiff be granted judgment on the pleadings, that judgment in favor of the Commissioner be denied, and that the case be remanded to the ALJ for further proceedings consistent with the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. As set forth briefly below, upon *de novo* review, the Court adopts Magistrate Judge Bianchini's Report and Recommendation in its entirety. The Report and Recommendation sets forth the procedural history of the case and the applicable law, and the Court repeats them only to the extent necessary to explain its decision.

The five-step process through which the Commissioner makes a disability determination is as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, appx. 1. If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999) (footnote omitted). The Social Security Administration defines residual functional capacity as follows: "Your impairments(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you

can do in a work setting. Your residual functional capacity is what you can still do despite your limitations." *Id*. at 774, n.3 (citing 20 C.F.R. § 416.945(a)).

In his decision, the ALJ found that the claimant had the following severe, although unlisted, impairments: asthma, Crohn's disease, dysthymic disorder, and generalized anxiety disorder. The ALJ then addressed the fourth factor, that is, "whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work." Regarding the fourth factor, he wrote:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work at all exertional levels provided that she has consistent access to restroom facilities, is not in an environment that would increase her respiratory complaints, is limited to working with simple and detailed rather than complex instructions and is not required to have repeated or frequent contact with the general public.
> \*\*\*
> The claimant is capable of performing past relevant work as a teaching assistant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
> \*\*\*
> Specifically, there is nothing about the claimant's past relevant work as a teaching assistant that would increase her respiratory complaints, prohibit her from having steady access to a restroom, or require her to work with complex instructions or have frequent or repeated contact with the public.

The Report and Recommendation finds that there was not substantial evidence in the record to support the ALJ's finding that plaintiff's residual functional capacity ("RFC") would allow her to perform her past relevant work as a teaching assistant.[1] Magistrate Judge Bianchini writes:

> Here, the ALJ made a *de minimus* inquiry and did not support his decision with citations to the DOT or other evidence to explain his conclusion that Plaintiff retained the RFC to perform her past relevant work - either as she actually performed it, or as it is generally performed in the national economy.

---

[1] The Report and Recommendation does not find error in the ALJ's evaluation of plaintiff's RFC.

-3-

> Accordingly, a remand is required. In particular, the ALJ should reconsider and further develop the record concerning Plaintiff's ability to perform her past relevant work.
> \*\*\*
> Remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would ... plainly help to assure the proper disposition of [a] claim." *Kirkland v. Astrue*, No. 06 CV 4861, 2008 WL 267429, at \*8 (E.D.N.Y. Jan. 29, 2008). Given the deficiencies in the record as outlined above, it is recommended that the case be remanded for further proceedings consistent with this Report and Recommendation.

The Commissioner objects. The Commissioner argues that the ALJ had a sufficient description of plaintiff's past relevant work, and that plaintiff did not carry her burden "to show an inability to return to her previous specific job and an inability to perform her past relevant work generally." *Jasinksi v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.

The Court has reviewed the record in light of the Commissioner's objection. The Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Furthermore, the findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive; district court does not decide the case *de novo*. *See* 42 U.S.C. § 405(g); *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004).

Upon review, the Court agrees with Magistrate Judge Bianchini that the record does not support the ALJ's determinations that plaintiff "is capable of performing past relevant work as a teaching assistant" and that "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." A reading of the record establishes that there is no evidentiary basis upon which the ALJ could find that plaintiff was able

-4-

to work as a teaching assistant. In the "Disability Report - Adult - Form SSA-3368," plaintiff simply described her teaching assistant job as: "Assisting students with work as directed by the teachers, worked with slow students." In her testimony before the ALJ, plaintiff did not describe the tasks involved in her past work as a teaching assistant, and the ALJ made no attempt to elicit testimony from her regarding the position. *See, e.g., Donato v. Secretary*, 721 F.2d 414, 419 (2d Cir. 1983) (stating that "before deciding whether [claimant] was physically capable of resuming her factory work, the ALJ, in fulfillment of his "heightened duty" to explore for all relevant facts, should have inquired further into the nature and extent of the physical exertion required of her by her former job, the number of hours she worked each day, the length of time she stood for any one period, the distance she would be required to walk in commuting to work, and the like." (citation omitted)); *Welch v. Chater*, 923 F.Supp. 17, 20 (W.D.N.Y. 1996) ("Even if this Court were to accept the ALJ's general conclusion that plaintiff has the residual functional capacity to perform simple, low-stress work, this Court is still unable to determine whether she can perform her past relevant job as a cleaner without any knowledge regarding the demands of that job."). Here, the ALJ did not cite to any job description, such as those found in the Dictionary of Occupational Titles ("DOT"), that would support a determination that plaintiff was able "to perform her past relevant work generally." *Jasinski*, 341 F.3d at 185. Indeed, as Magistrate Judge Bianchini notes, several of the duties of a teacher's aide as described in the DOT "are inconsistent with Plaintiff's RFC as determined by the ALJ." Moreover, plaintiff testified that in the school year prior to the hearing, she had worked part-time as a substitute teacher, and that on some days she had to decline such work due to her Crohn's disease and anxiety. She described the manner in which her Crohn's disease prevented her from working as a substitute teacher on some days, and how her anxiety could make it worse. She also explained how her impairments caused her to quit

-5-

a training course to become a personal care aide. The ALJ made no attempt to reconcile plaintiff's testimony about her problems in these two positions with the duties required by the position of teaching assistant. In objecting to the Report and Recommendation, the Commissioner points out that the burden was on plaintiff to establish that she was unable to return to her previous specific job and that she was unable to perform her past relevant work generally. It is well settled in this circuit, however, that in light of the "essentially non-adversarial nature of a benefits proceeding," the ALJ has an affirmative duty to develop the record, even when a claimant is represented. *See Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996); *Abdus-Sabur v. Commissioner of Social Sec.*, 2009 WL 5178439, *9 (E.D.N.Y. Dec. 31, 2009). This the ALJ failed to do. In the absence of evidence regarding the duties of plaintiff's past relevant work as a teaching assistant, there is no basis to find that plaintiff's RFC enables her to perform such work.

Upon *de novo* review of the Report and Recommendation, the Court accepts and adopts the Report and Recommendation in its entirety.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 13) is accepted and adopted; and it is further

ORDERED that Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings in accordance with this Memorandum-Decision and Order and the Report and Recommendation.

IT IS SO ORDERED.

Date: March 26, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge